# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No. 11-105 |
| ARAM KHLGATIAN, ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is an objection[1] filed by defendant, Jerry Haskin, M.D. ("Haskin"), with respect to the U.S. Magistrate Judge's order denying his motion to compel prompt disclosure of *Brady* and *Giglio* documents and information. For the following reasons, the objections are **OVERRULED IN PART** and the U.S. Magistrate Judge's decision is **AFFIRMED**.

### *BACKGROUND*

The government filed a multi-count indictment in this case charging twenty (20) defendants variously with healthcare fraud, conspiracy to commit healthcare fraud, money laundering, and conspiracy to commit money laundering. Several defendants have reached plea agreements with the United States in exchange for cooperation against non-pleading defendants.

On June 13, 2012, Haskin filed a motion to compel prompt disclosure of *Brady* and *Giglio* documents and information before the U.S. Magistrate Judge. Haskin requested disclosure of statements by any alleged co-conspirators that fail to implicate him in the conspiracy on the ground that any such statements are *Brady* evidence.

On July 16, 2012, the U.S. Magistrate Judge partially granted and partially denied Haskin's motion. The U.S. Magistrate Judge rejected the argument that statements by alleged co-conspirators which do not affirmatively implicate Haskin are exculpatory *Brady* material.

---

[1] R. Doc. No. 148.

1

Relying on *United States v. Sipe*, 388 F.3d 471, 487 (5th Cir. 2004), *United States v. Rhodes*, 569 F.2d 384, 388 (5th Cir. 1978), and *United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989), the U.S. Magistrate Judge held that such statements are "neutral," and not "exculpatory." The U.S. Magistrate Judge held that the "neutral evidence" theory applies whether the statement is made by a non-defendant witness or an alleged co-conspirator.[2]

Haskin now contends that the U.S. Magistrate Judge erred by declining to recognize a distinction between statements by non-defendant witnesses and those by co-conspirators.[3] Haskin contends that alleged co-conspirators have pleaded guilty, were debriefed as part of their plea bargain obligations, and were required to submit truthful information about their role and their knowledge of the conspiracy. He contends that if alleged co-conspirators failed to implicate him, their statements are extremely material and cannot be considered "neutral evidence." Haskin requests that the Court, at a minimum, require the government to produce under seal and *in camera*, memoranda of interviews, FBI 302's, and the notes of any government agents and attorneys who participated in the interviews of any co-defendants who have pled guilty in this case so that the Court may review them for *Brady* material.

The government responds that the U.S. Magistrate Judge correctly held that *Brady* does not require disclosure of co-conspirator statements which do not affirmatively implicate Haskin

---

[2] The U.S. Magistrate Judge explained that requiring the government to disclose statements of co-conspirators if they failed to implicate him would "turn *Brady* on its head." The U.S. Magistrate Judge reasoned that "[t]he practical effect of such a ruling would be as follows: Any statement in the Government's possession that failed to – essentially – name a defendant would be exculpatory and thus *Brady* material." He further reasoned that such a rule would "entitle a defendant to entire statements from the government's arsenal simply because they failed to mention a particular defendant."

[3] The Court notes that the U.S. Magistrate Judge granted Haskin's request to review the pre-sentence investigation reports ("PSR") of the alleged co-conspirators *in camera* to review for *Brady* material. R. Doc. No. 428. The U.S. Magistrate Judge reviewed the PSRs of ten alleged co-conspirators and determined that they revealed no evidence which the government must produce to comply with its disclosure obligations. *See* R. Doc. No. 439. Haskin does not ask this Court to review that decision.

in the conspiracy. The government attests that if a witness affirmatively exculpates Haskin, it will turn the statement over as *Brady* evidence. The government also maintains that all testifying co-conspirator statements will be turned over to the defense on the Friday before trial. The government does not object to an *in camera* review of the co-defendant statements.

## STANDARD OF REVIEW

This Court reviews decisions of the U.S. Magistrate Judge which were referred pursuant to 28 U.S.C. § 636 under a "clearly erroneous" or "contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law."); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). Defendant must show "not that the Magistrate Judge *could have* exercised [his] discretion and granted the[] discovery requests, but rather that defendant[] [is] entitled to the discovery he seek[s] as a matter of law." *See United States v. Davis*, No. 01-282, 2003 WL 1825602, at *1 (E.D. La. Apr. 8, 2003) (Vance, J.) (emphasis in original).

## DISCUSSION

Prosecutors have a duty to disclose evidence that is both favorable to the defendant and material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). This includes evidence that would materially impeach a government witness. *See Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985). As the parties recognize, however, neutral evidence does not fall within the scope of *Brady*. *See United States v. Dillman*, 15 F.3d 384, 390 (5th Cir. 1994) ("Although exculpatory and impeachment evidence fall within the purview of *Brady*, neutral evidence does not.").

This Court does not find that the U.S. Magistrate Judge clearly erred when he concluded that statements by alleged co-conspirators which do not affirmatively implicate Dr. Haskin are neutral and not subject to *Brady*.[4] *See, e.g.*, *United States v. Sipe*, 388 F.3d 471, 487 (5th Cir. 2004) (holding that a statement by a witness that she had not heard the defendant use derogatory terms when describing illegal aliens was not "favorable" to the defendant and that it did not constitute *Brady* material); *United States v. Rhodes*, 569 F.2d 384, 388 (5th Cir. 1978) (holding that an eyewitness's inability to positively identify the defendant as one of the bank robbers was not "obviously exculpatory"); *United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989) (rejecting the argument that a defendant accused of making false representations is entitled to the statement of any witness who did not mention or report any false representations).

Moreover, the U.S. Court of Appeals for the Fifth Circuit has recognized that "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978). A *Brady* violation becomes a concern for courts only after trial, when courts are able to determine whether a nondisclosure deprived a defendant of a fair trial. *See United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975) ("This Court and others have recognized that the rule announced in *Brady* is not a pretrial remedy . . . ."); *United States v. Garrett*, 238 F.3d 293, 302-04 (5th Cir. 2000) (Fish, J., concurring). This Court agrees with the U.S. Magistrate Judge that Haskin's objection is one of timing, not suppression, as the government will disclose statements by testifying co-conspirators on the Friday before trial. *See, e.g.*, *United States v. Campagnuolo*, 592 F.2d 852, 860 (5th Cir. 1979) (citing cases in which the

---

[4] The government recognizes that any witness statement that affirmatively exculpates Haskin would obviously be *Brady* evidence.

4

Fifth Circuit held that the government's compliance with the Jencks Act provided timely disclosure under *Brady*).

Nevertheless, in this particular case, the Court will grant Haskin's request for *in camera* review to ensure that this matter is resolved in a fair and equitable manner. Such *in camera* review will include the statements, if any, of non-testifying co-conspirators whose statements would not otherwise be disclosed as Jencks material. As the parties have a much greater level of familiarity not only with the facts of this case but also with any potential defenses that may be available to the defendants, Haskin will provide the Court with a specific listing of *Brady* information which may be discoverable within the contents of the specified documents.
.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the objections are **OVERRULED**. The U.S. Magistrate Judge's order denying defendant's motion to compel is **AFFIRMED**. The U.S. Magistrate Judge's findings are not clearly erroneous or contrary to law.

**IT IS FURTHER ORDERED** that, **no later than Monday, September 10, 2012**, the government will produce under seal and *in camera* any memoranda of interviews and FBI 302's of all co-conspirators in this case whether or not such persons have a plea agreement with the government and whether or not the government intends such persons to testify at trial. The production shall include the notes of the government agents and attorneys who participated in those interviews.[5]

---

[5] The government does not object to an *in camera* review of the co-defendant statements and it did not specifically object to the production of notes as requested by defendant.

**IT IS FURTHER ORDERED** that, **no later than Monday, September 10, 2012,** Haskin will file a memorandum specifying the information which he believes may constitute *Brady* evidence within the contents of the items to be reviewed by this Court.

New Orleans, Louisiana, September 5, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**